UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW WAYNE CLARKE, | Case No. 15-CV-3191 (DWF/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STEVE HAMMER / MCF-STILLWATER WARDEN, | |
| Respondent. | |

Petitioner Andrew Wayne Clarke, a Minnesota state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was reviewed in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] That review revealed that Clarke may not have exhausted his state court remedies for his sole claim and, even if it could be determined that he had, his claim fails on the merits.

I. Exhaustion of Remedies

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair

---

[1]Rule 4 provides that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

opportunity to resolve federal constitutional claims before those claims are presented to the

federal courts . . . state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review

process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner
> must exhaust available state remedies, 28 U.S.C. § 2254(b)(1),
> thereby giving the State the opportunity to pass upon and correct
> alleged violations of its prisoners' federal rights.  To provide the
> State with the necessary opportunity, the prisoner must fairly
> present his claim in each appropriate state court (including a state
> supreme court with powers of discretionary review), thereby
> alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted).  "A petitioner meets

the fair presentation requirement if the state court rules on the merits of his claims, or if he

presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*,

175 F.3d 1082, 1083 (8th Cir. 1999).  A state prisoner seeking federal habeas relief is not

required to have spelled out every nuance of his federal constitutional claims to the state courts.

Nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the

facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838,

855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("Mere

similarity between the state law claims and the federal habeas claims is insufficient:  'If state

courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,

they must surely be alerted to the fact that the prisoners are asserting claims under the United

States Constitution.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)).

In his sole ground for relief, Clarke alleges that his Sixth Amendment right to a jury trial

was violated when his sentence was enhanced based on a fact not determined by the jury.  *See*

Memo in Support of § 2254 Motion of Andrew Clarke (hereinafter "Memo") at 2, ECF No. 3.  In his direct appeal to the Minnesota Court of Appeals, Clarke argued that there was insufficient evidence to the jury at sentencing to find a "pattern of criminal conduct" and that the district court sentenced him "based on facts not found by the jury."  *State v. Clarke*, 2014 WL 1875779 *2-4 (Minn. App. 2014).  From reading the Minnesota Court of Appeals opinion, it appears that Clarke's challenge in the state courts was based entirely on *state* law; it does not appear from the opinion of the Minnesota Court of Appeals affirming Clarke's sentence that he raised any *federal* ground for relief on the sentence enhancement issue before that court.[2]  Clarke now argues in his habeas petition that his Sixth Amendment right to trial by jury was violated, but it is unclear from the materials available to this Court whether Clarke made that argument to the state courts. Memo at 6, 7, ECF No. 3.  Accordingly, it is unclear whether Clarke has fully exhausted available state remedies for his federal claim.  Even if this Court assumes that Clarke has exhausted his remedies, however, Clarke's argument fails on the merits.

II.      Sentence Enhancement Claim

        A.  Habeas Standard of Review

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the standards that govern this Court's review of Clarke's habeas corpus claim.  Section 2254(d)(1) provides that an application for a writ of habeas corpus that has already been decided in state court proceedings shall not be granted unless it was "contrary to, or involved an unreasonable

---

[2]Clarke appears to have dropped his prosecutorial misconduct claim and his claim that the police violated his Fourth Amendment rights during his arrest, both of which he presented on direct appeal.  *See Clarke* 2014 WL 1875779 at *4-5.  The sentence enhancement claim is the only grounds asserted in his habeas petition.  *See* Petition at 5, ECF No. 1.

application of, clearly established Federal law" as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

The Supreme Court has determined that "[u]nder the 'contrary to' clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).  As to the "unreasonable application" clause, a writ may be granted if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.  The Court has stated that "Congress specifically used the word 'unreasonable' and not a term like 'erroneous' or 'incorrect.'" *Id*. at 411.  For that reason, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id* at 411.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).  A habeas petitioner has a difficult standard to meet and the Supreme Court has said "it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2010) (reversing Ninth Circuit's grant of a writ where it engaged in de novo review under the "unreasonable application" clause).  "As amended by AEDPA, § 2254(d) stops short of

imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 102.  Section 2254(d) of the AEDPA is meant to "reflect the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems.'" *Id.* at 103 (citation of pre-AEDPA case omitted).  The statute, along with the habeas exhaustion requirements, ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." *Id.* at 103.

B.  Clarke's Habeas Claim

The federal law upon which Clarke relies is his Sixth Amendment right to trial by jury. Clarke cites to *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013) and several other cases for the proposition that "[a]nything that increases the penalty is an *element* of the offense, which must be found by the jury beyond a reasonable doubt.  It cannot be determined as a finding of fact by the judge." Memo at 3 (emphasis in original).

The Sixth Amendment right to trial by jury combined with the Due Process Clause requires that the elements of a crime must be proven to a jury beyond a reasonable doubt. *U.S. v. Gaudin*, 515 U.S. 506, 510 (1995); *In re Winship*, 397 U.S. 358, 364 (1970).  The United States Supreme Court has held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. U.S.*, 133 S.Ct. 2151, 2155 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).[1] *Alleyne* is not relevant here, however, because the increase in Clarke's penalty was not based on the judge's determination that Clarke was a drug dealer but rather on the jury's determination

---

[1]The Court has carved out a narrow exception to this rule for prior convictions.  *Almenderez v. Torres*, 523 U.S. 224 (1998).

that Clarke was a career criminal as defined by Minnesota law.

Clarke argues that the sentence enhancement he received violated his constitutional rights because "whether petitioner was a drug dealer was not a question before the jury."  Petition at 5, ECF No. 1.  Clarke argues that the sentencing judge's statement during the proceedings that Clarke had made a career out of dealing drugs formed the basis for an enhanced sentence. Memo at 3, ECF No. 3 (citing transcript, ECF No. 4).  Even if the trial judge stated that Clarke was a drug dealer – correctly or incorrectly – this statement was not the reason for the sentence enhancement Clarke received.  The sentence enhancement was based on the jury's findings that Clarke was a career offender as defined by Minnesota law.  As the Minnesota Court of Appeals explained in its opinion:

> Because of the jury's findings that Clarke had five or more prior felony convictions and his present offense was committed as part of a pattern of criminal conduct, the district court had the discretion to sentence Clarke up to the statutory maximum for second-degree sale of a controlled substance, which is 40 years for a subsequent controlled-substance conviction.

*Clarke,* 2014 WL 1875779 at *3.  Clarke received 258 months, "about one-half of the statutory maximum."  *Id.* at *3.  Thus, the sentence enhancement was based not on Clarke's career as a drug dealer specifically but rather on Clarke's career as a criminal more broadly.  It is this more general fact that formed the basis for Clarke's sentence – a fact that *was* found by the jury.

Regardless of whether the judge erred in calling Clarke a career drug dealer rather than a career criminal, he was still within his discretion to sentence Clarke to 258 months "because of the jury's findings under the career-offender statute."  *Id.* at *4.  The Minnesota Court of Appeals concluded that "the district court's statement that Clarke is 'someone who [has made] a career . . . out of dealing drugs' is not reversible error."  *Id.* at *4.  In other words, the judge's

statement did not form the basis for Clarke's sentence; rather the jury's determinations under

Minnesota law that Clarke had five or more prior felony convictions and that the offense in

question was part of a pattern of criminal conduct formed the basis for the sentence. *Clarke,*

2014 WL 1875779, at *2.

Clarke was clearly confused by the sentencing judge's statement describing him as a

drug-dealer.  In Clarke's case, however, the element that increased the penalty was Clarke's

career as a criminal.  This was a determination that was made by the jury, not the judge.  Clarke

was not, therefore, deprived of his Sixth Amendment right to a jury trial on an element of his

crime.  It is therefore recommended that Clarke's motion for habeas relief be denied.

III.    Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless

he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In

this case, it is highly unlikely that any other court, would treat Clarke's current habeas corpus

petition differently than it is being treated here.  Clarke has not identified, and this Court cannot

discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.

It is therefore recommended that Clarke should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.      Clarke's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2.      No certificate of appealability be granted.

3.      Clarke's motion for appointment of counsel [ECF No. 8] is DENIED as moot.

Dated: October 6, 2015

_____*s/Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.